ACCEPTED
03-15-00105-CR
6115073
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/17/2015 1:03:20 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00105-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/17/2015 1:03:20 PM
JEFFREY D. KYLE
Clerk

IN THE

COURT OF APPEALS

THIRD DISTRICT

JUSTIN MURPHY,

Appellant,

v.

THE STATE OF TEXAS,

Appellee,

On Appeal from the County Court at Law Number 3 of Travis County, Texas

C-1-CR-07-200104,

## APPELLANT'S RESPONSE TO STATE'S RESPONSE TO MOTION FOR REHEARING AND REQUEST FOR FURTHER HEARINGS IN THE TRIAL COURT

**TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:**

This case is completely upside down by the lack of organizational communication or lack of candor on the part of the Travis County Attorney's Office.

## STATEMENT OF FACTS

1. On May 11th and 19, 2014 the Honorable Jon Wisser heard testimony relating to the instant matter. On August 28˙ 2015 he signed his findings. No copy or notice was given to Petitioner or his Counsel. A second writ of habeas corpus was filed to restore the right of appeal.

2. The State of Texas represented by Barbara Rowan took no position and stood silent as to whether the right of appeal should be restored as is reflected in the order. On January 26, 2015 the Honorable Jon Wisser granted relief. The State of Texas then filed an objection in the form of a motion to dismiss appeal on April 3, 2015 after *their time to complain on appeal about the relief granted in the Second Writ of Habeas Corpus had run*. Put another way, the State's argument that the relief sought was not authorized by statute should have been argued in court and then on appeal by the State of Texas through their filing of a notice of appeal, rather than a motion to dismiss for lack of jurisdiction. The State of Texas is untimely in seeking to litigate the validity of the trial court's ruling. As has been noted, the Court of Appeals lacks jurisdiction to entertain any matter absent a timely filed notice of appeal.

3. A writ of habeas corpus is the proper procedural vehicle to re-instate the right of appeal after the 30 day time period has run. *Ex parte Clifton Axel, Jr.*, 757 S.W.2d 369 (Tex.Crim.App 1988).

4. If there is merit to the contention that the order is void because the Court's staff failed to remit the order to the Travis County Clerk to be stamped, then this matter should be remanded to the trial court for further proceedings since no legal order is properly before the Court of Appeals. If the State of Texas is correct, this Court is not yet in a position to rule on whether the Trial Court can or can not restore appeal rights through a writ of habeas corpus.

## PRAYER

Wherefore, Justin Murphy, for the reasons stated herein, requests that the Court find that the Motion to Dismiss was improvidently ruled upon. Or, in the alternative, remands this back to the trial court to properly reduce to writing and file the order conforming to the ruling of the court.

Respectfully Submitted,

By:

Adam King Blackwell Reposa
SBN 24040163
1106 San Antonio
Austin, Texas 78701
512-477-7376
512-478-1114  fax

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing on all parties, or their attorneys of record, in compliance with the Texas Rules of Appellate Procedure, this 17th day of July, 2015, by fax and email delivery.

Adam King Blackwell Reposa